## Armstrong *against* The City of Lancaster.

When a recovery on a naked legal title would be a bar to another action by any one, the title of an equitable plaintiff need not be traced from the legal plaintiff or otherwise indicated than by marking the suit to his use.

The rights of a party, not named in the record, but claiming ownership, may be protected by his lying by until recovery had, then arresting the money in the sheriff's hands by notice not to pay it over, ruling it into court, and moving for leave to take it out. The court can then determine the various pretensions, or direct an issue ; or, perhaps, it may be done *before* recovery, on motion to strike out the name of the one claimant, and insert the other.

Where it is necessary, the court will search out the actual plaintiff, and subject him to the judgment of costs, a plea of set-off, or other liability necessary to protect the defendant.

The rejection of evidence tending to establish the transfer of the chose-in-action by the legal, to the equitable plaintiff, would not be cause to reverse a judgment, unless the want of the evidence thus rejected prevented a recovery.

ERROR to the district court of *Lancaster* county.

Action of *assumpsit* for work and labour by James Armstrong, surviving partner of the late firm of James Armstrong & John Atkinson, for the use of George B. Markley, against the mayor, aldermen and citizens of Lancaster.

The only question argued in this court, arose out of an offer by the plaintiff to give in evidence the assignment by the plaintiff, James Armstrong, to the equitable plaintiff, George B. Markley, of the claim on which suit was brought, " accompanied by parol proof, to show, that the two notes mentioned in the assignment, were for money and goods furnished to the partners in the lifetime of Atkinson, for carrying on the business of the partnership.

The court overruled the evidence, and the plaintiff excepted.

*Eastburn*, for plaintiff in error.
*Champneys*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—We have heretofore intimated that the title of an equitable plaintiff need not be traced from the legal plaintiff by averment, or otherwise indicated than by marking the suit to his use. A legal title is certainly sufficient for the maintenance of an action, except, perhaps, where the commonwealth stands as a trustee in an official bond; and there it may be necessary to show a particular injury as a title to her interference, in order to secure the obligor from an officious intermeddling. But to encumber the pleadings, in ordinary cases, with immaterial suggestions, would be not only unnecessary, but prejudicial by reason of its tendency to complication and the introduction of irrelevant proof. The court will undoubtedly search out the actual plaintiff, where it is necessary, and fix on him the responsibility of a party, by subjecting him to costs, a plea of set-off, or any other liability that may be necessary to protect the

[Armstrong v. The City of Lancaster.]

defendant; but here, where a recovery on the naked legal title would have been a conclusive bar to another action by any one, to set out the equitable title in the declaration was unnecessary.    The equitable owner of a right of action can recover on the legal title only; and any one attempting to use it a second time, would be repulsed at once by a plea of former recovery.    Of all the parties concerned, the ostensible defendant had least to do with the equitable ownership. But there may be adverse claimants of it; and how are the rights of a party, not named in the record, to be protected?    Certainly not by preventing a recovery and extinguishing the expectations of himself and every one else.    If this judgment were affirmed, the party who maintained the contest, under the defendant's shield, would have concluded himself, as well as his competitor.    What, then, was his most available course?    Obviously to lie by till recovery, or to promote it; then to arrest the money in the sheriff's hands by notice not to pay it over, rule it into court, and move for leave to take it out.    This done, the pretensions of the claimants could be determined by the court, or a jury, under an issue, as the case might require.    Or perhaps the question might be properly, though not so conveniently, determined before recovery, on a motion to strike out the name of the one claimant and insert the other. But the court might properly suspend its decision, till it were ascertained by recovery that the parties were not fighting for a shadow. Either of these courses will be open to the counsel who claims the fund for the partnership creditors.    The only difficulty in the way of reversal, is found in the fact that the evidence of ownership was irrelevant, and that the exclusion of it was consequently not strictly prejudicial to the right of recovery.    The want of the evidence, however, was considered, on all hands, as an insuperable barrier; and justice requires that the cause be sent to another jury, on the issue between the legal parties.

Judgment reversed, and a *venire de novo* awarded.