# The Commonwealth *against* Lightner.

In an action upon a recognizance taken by the Orphans' Court, in the name of the Commonwealth, to secure the payment of money, brought for the use of another, proof by the defendant that the person for whose use the suit is brought is not entitled to the money, furnishes no defence to the recovery by the legal party. The right to the money will be determined when it is recovered from the defendant.

ERROR to the District Court of *Lancaster* county.

The Commonwealth for the use of Rachel E. Lightner, administratrix of Isaac F. Lightner, against Joel Lightner, with notice to Nathan F. Lightner, terre-tenant. This was an action upon a recognizance entered into to the Commonwealth by Joel Lightner, in 1800, conditioned for the payment of the shares of the several heirs of Adam Lightner, deceased, out of land taken by the defendant in a proceeding in partition. The amount now claimed was the share of Isaac F. Lightner, which became payable after the death of the widow, who died in 1842.

[The Commonwealth v. Lightner.]

The defendant gave in evidence a voluntary deed of assignment by Isaac F. Lightner to trustees, for the benefit of his creditors, of all his estate, real and personal, dated the 16th November 1819. Also, an assignment by him under the insolvent laws of Maryland, dated 22d March 1826. And upon which evidence the defendant contended that the administratrix of Isaac F. Lightner had no title to the money claimed, nor right to maintain this action. The court below sustained this position, and directed a verdict for the defendant.

*Franklin*, for plaintiff in error, argued that it was only necessary to show the title of the legal party to recover, and the defendant had nothing to do with what became of the money; if there be any dispute about that, the court will take care of the rights of the claimants. 6 *Serg. & Rawle* 44; 13 *Serg. & Rawle* 265; 7 *Watts* 159.

*Stevens*, contra. The suit is not alone in the name of the legal party, but is for the use of one who has no title to the money sued for. She ought not to be permitted to intermeddle with a matter in which she has no interest. Cited 2 *Watts* 221; 1 *P. R.* 322; 9 *Serg. & Rawle* 434.

PER CURIAM.—It would be strange if the legal title to sue were not enough to support an action at law in the name of the trustee, without proof that the suit was brought at the instigation of the true *cestui que trust*. What has the defendant to do with that? The recovery will protect him from a repetition of the demand, and he can ask no more. Such is the principle of *Armstrong* v. *Lancaster*, (5 *Watts* 68), and it is discouraging to find the professional mind still persisting in the old notion. Here there was no conflict of claims to the cause of action; and if there had been, the defendant would have had nothing to do with it. It would have been determinable by an issue between the parties, as soon as the money was brought into court. The Commonwealth might recover for the benefit of the concerned. If the defendant were vexed by the instigation of an intruder, he might rule him to file his warrant; and that would be protection enough. But the right to sue on a recognizance like this is not regulated by statute like the right to sue on a sheriff's recognizance, on which the party must declare for his particular grievance. As to that, he is in effect the legal party. This is the ordinary case of an action by a trustee; and the plaintiff ought not to have been precluded.

Judgment reversed, and a *venire de novo* awarded.