# Van Winkle *versus* Young and King.

*Joinder of Parties under Sheriff's Interpleader Act.—Joint Plaintiffs need not recover jointly.—Nature of the Issue and Verdict.*

1. In framing a feigned issue, under the Sheriff's Interpleader Act, it is the duty of the Court to call before them all the parties making claim to the goods levied upon by the sheriff.
2. As the question to be tried on the issue is the right of the sheriff to levy on and sell the goods in controversy, as the personal property of the defendant in the writ, it is immaterial whether the claimants, who are made plaintiffs, are joint owners or owners of unequal proportions, provided they are, in fact, the owners of the goods.
3. If one of two or more claimants establishes a right to any of the goods levied on, he is entitled to a verdict.

Error to the Common Pleas of *Erie county.*

This was a feigned issue under the Sheriff's Interpleader Act, to determine the ownership of certain goods which had been taken in execution by the sheriff of Erie county, as the property of James L. M. Young.

Abraham Van Winkle, in 1858, recovered a judgment against James L. M. Young, for $161.76, on which an execution was issued to May Term, and returned *nulla bona.* An *alias fi. fa.* was then issued, under which the sheriff levied on the presses,

[Van Winkle *v.* Young and King.]

type, material, and furniture of " The Erie Dispatch," a newspaper then published in Erie city, in the name of " James L. M. Young, editor and publisher, and M. J. Young (his wife), proprietor."

Alfred King (who claimed to own a portion of the property, as purchaser at a sheriff's sale held some time in 1857), and Mrs. Young (who claimed to own the remainder of the goods, under sundry purchases made in her name with funds that had been furnished by her friends for this purpose), gave notice of their claim to the sheriff, who thereupon presented a petition to the court, praying for an issue under the Interpleader Act, to determine the ownership of the property.

The court directed that an issue should be framed in the name of Mrs. M. J. Young and Alfred King, as plaintiffs, and Abraham Van Winkle, as defendant.

A declaration was accordingly filed by the plaintiffs, claiming the property, which was denied by the defendant.

On the trial, after proving a sale of a portion of the property to Mr. King, by the sheriff, in 1857, and sundry donations of money to Mrs. Young, for the purpose of re-establishing and carrying on the printing and publishing of " The Erie Dispatch," the plaintiffs offered to prove, by C. J. Taylor, that he also had furnished money to Mrs. Young, on certificate of stock issued April 17th 1858, by her and her husband, for $5 each, and redeemable after one year; ten of which the witness then held. This was objected to by the defendant, on the ground that the witness was interested; but the court overruled the objection, and admitted the evidence, which was the first bill of exceptions.

The plaintiffs then offered to prove, by the deposition of P. A. Jordan, that Mrs. Young had purchased from Johnson & Co., type-founders, printing material to the value of $1500, and that since February 1857, Mr. Young had purchased nothing, having then represented himself as insolvent. This was objected to by the defendant, on the ground that the deposition did not show that Alfred King ever had any interest in this property, the plaintiffs' counsel admitting that they did not intend to follow it with evidence that Mr. King ever had any interest in a portion of the property. The court overruled this objection also, and admitted the evidence, which was the subject of the second exception.

The court (DERICKSON, P. J.) charged the jury, that, as this was a feigned issue, directed at the instance and on the application of the sheriff, it was not necessary that the plaintiffs should show a joint interest in the property, but that it was sufficient if they showed that it belonged to them, when it was, or was about to be levied upon; that, if but part of the property belonged to the plaintiffs, and a portion of it was the defend-

[Van Winkle *v.* Young and King.]

ant's, on the *fi. fa.*, the jury should find for the defendant, for this latter; that, although it is true that unless the plaintiffs have shown, by evidence which does not admit of reasonable doubt, that the interest of Mrs. Young in the property was purchased with funds which were not furnished by her husband, the verdict must be for the defendant,—yet this would not justify a verdict for defendant generally, if it was proved that Mr. King was the owner of the property claimed by him.

The jury found in favour of the plaintiffs, and judgment having been entered, the defendant sued out this writ, and assigned for error, the admission of evidence noted in the first and second bills of exceptions, and the instruction to the jury, as above given.

*Gunnison* and *McCreary*, for plaintiff in error, who was defendant below.—In their notice to the sheriff, Mr. King and Mrs. Young claimed jointly, pleaded jointly, and must, therefore, prove a joint ownership, or fail. If the plaintiffs own but part of the property levied on, the defendant is entitled to a verdict for the residue. Unless the jury are satisfied that the property was bought for Mrs. Young with her own funds, the defendant should recover: T. & H. Pr. 722; 5 Binn. 399; 4 R. 63; 6 Watts 301; 3 Wh. 398.

*James C. Marshall,* for defendant in error.—In an issue like this, all parties who own goods that have been improperly levied on, have a right to be heard. *How* they own is not material, if they really are owners. One issue is sufficient for all. This is a chancery proceeding, not a common law action, and is chiefly to protect the sheriff.

The opinion of the court was delivered, October 25th 1860, by
WOODWARD, J.—This is a proceeding under the Sheriff's Interpleader Act. The sheriff, having in his hands an execution at the suit of Van Winkle against Joseph M. Young, levied it on the contents of a printing office, which he found in possession of the debtor. Mrs. M. J. Young, the wife of the debtor, claimed to own a portion of the goods levied, and Alfred King claimed the residue. The sheriff applied to the court to direct an issue to determine the ownership of said property. The court awarded the issue, directing Mrs. Young and King to be made plaintiffs, and Van Winkle the defendant. On the trial of the issue, the defendant made three points, of which the first was, "that unless the evidence shows each item of property in dispute was owned by both plaintiffs, the defendant is entitled to a verdict."

This proposition would be true if the action were at common

[Van Winkle *v.* Young and King.]

law, but being a feigned issue under our Interpleader Act, the court were bound to call before them, as well the party issuing the writ as all parties making claim to any of the goods levied, and, in framing the issue, it was proper to make all the claimants parties thereto. The question to be tried was the ownership of the goods, so far as concerned the sheriff's right to levy. But as he could levy only goods that belonged to the defendant in the writ, it was quite immaterial whether the plaintiffs were joint owners, or owners in unequal proportions, if they were indeed owners of all the goods.

The court took this view of the matter, and we think they were right.

The second proposition was, that if the plaintiffs were owners of but part of the property, the defendant might recover for the residue; and third, that unless the plaintiffs have shown, by evidence which does not admit of a reasonable doubt, that the interest of Mrs. Young in the property was purchased with funds that were not furnished by the husband, the verdict should be for the defendant.

These propositions were affirmed by the court, with the single qualification that King would be entitled to a verdict for whatever was his. This qualification was substantially a reassertion of the ruling under the first point, and was, for the reasons stated under that head, unexceptionable. As to all the rest, the opinion of the court was with the plaintiff in error, and therefore he has no reason to complain.

The questions discussed in the paper-book, as to the right of a husband to carry on business in his wife's name, by means of capital borrowed by her, do not appear to arise in the case, and therefore are not to be decided. Confining our attention to what is in the record, we perceive no error, and therefore affirm the judgment.