## ABEL P. SHIVE v. J. C. FINN ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 1 OF PHILADELPHIA COUNTY.

Argued March 24, 1890—Decided April 7, 1890.

Where, on the trial of an issue in a sheriff's interpleader, it is shown that
the claimant purchased the goods at a prior sheriff's sale and then leased
them to the debtor, his right to recover the whole will not be affected by
the fact that he bought the goods for the joint benefit of himself and
another execution creditor, and was to account to the latter for his pro-
portion of the rent received.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 244 January Term 1890, Sup. Ct.; court below, No. 279
December Term 1881, C. P. No. 1.

On February 11, 1882, a rule for a sheriff's interpleader was
made absolute, Abel P. Shive, the claimant of goods levied
upon as the property of Shive Brothers, saloon-keepers, being
made plaintiff, and J. C. and V. B. Finn, trading as J. C. Finn
& Son, execution creditors, being made defendants. Issue.

At the trial on October 25, 1886, the plaintiff, claimant of
the goods, introduced testimony to the effect that on June 3,
1881, previous to the levy upon the goods made upon the de-
fendants' execution, the plaintiff had bought all the goods at
a sheriff's sale of them upon executions in favor of himself and
of one Humphrey, which had been issued simultaneously, the
purchase being "for their joint benefit . . . . . in proportion
to their respective judgments, the expenses of said sale hav-
ing been proportionately borne by each;" and that immedi-
ately after the sale the plaintiff leased the goods to Shive
Brothers, in whose possession they were when levied upon un-
der defendants' execution in January, 1882. The agreements
in writing between the plaintiff and Humphrey, and between
the plaintiff and Shive Brothers, were put in evidence.

The court, ALLISON, P. J., instructed the jury in part as
follows:

Charge of Court below.

I am asked by defendants to say that one sixth of the goods were Humphrey's. I refuse so to do. It is for you to say whether Shive, as he says, purchased these goods for himself, promising Humphrey to pay him one sixth of the proceeds or rent which he might receive. If you believe that statement, and that the sale was fair and bona fide, then Shive is entitled to recover. But if you find that Humphrey owned one sixth of the goods, and not of the proceeds, then for that one sixth your verdict should be for defendants.

The defendants present the following points :

1. The learned court is requested to charge the jury that, as it is admitted by claimant that he was in possession of the goods levied on, under the memorandum of agreement signed by A. P. Shive, claimant, and N. W. Shive and Wilson H. Shive, dated June 3, 1881, called the lease, and the writing of the same date signed by claimant and Samuel Humphrey, said papers together constituted said Samuel Humphrey, at the time of the defendant's levy, an owner of one sixth of the goods levied on by Messrs. J. C. Finn & Son, the defendants, and your verdict must be for the defendants as to said one sixth.

Answer : Refused.[1]

2. That the said papers executed June 3, 1881, between the claimant and N. W. Shive and Wilson H. Shive, and between the claimant and Samuel Humphrey, not being ambiguous in terms, and there being no allegation that their execution was procured by fraud, or that any part of the agreement of the parties was omitted by accident or mistake, said papers are not explainable and cannot be affected by oral testimony, and, under the terms of said papers, Samuel Humphrey was at the time of the levy of J. C. Finn & Son owner of one sixth of the goods levied on, and therefore the verdict of the jury must be for the defendants, J. C. Finn & Son, as to one sixth thereof.

Answer : Refused.[2]

3. That as to one sixth of the goods levied on they must find a verdict for the defendants.

Answer : Refused.[3]

—The jury returned a verdict in favor of the plaintiff for the whole of the goods. A rule for a new trial having been

discharged, the defendants took this appeal, assigning for error:

1–3. The answers to the defendants' points.[1 to 3]

*Mr. Henry C. Terry* (with him *Mr. Edward D. Wadsworth*), for the appellants.

That " it matters not who owns the goods, if the claimant fails to show that *he* is the owner," counsel cited: Van Winkle v. Young, 37 Pa. 214; Rush v. Vought, 55 Pa. 437. That the construction of the agreements was for the jury: Shafer v. Senseman, 125 Pa. 310.

*Mr. Richard P. White*, for the appellee, was not heard.

PER CURIAM:

The personal property levied upon, and which is involved in this sheriff's interpleader, was purchased by the plaintiff below at a sheriff's sale, and subsequently leased by him to Shive Brothers, the defendants in the execution. Upon the trial below, an agreement in writing was put in evidence by which it appeared that the said personal property was purchased for the joint benefit of the plaintiff and one Samuel Humphrey, who also had an execution against Shive Brothers, and that by said agreement the plaintiff was to pay over to Mr. Humphrey one sixth of the rent received for the use of said property. Upon this state of facts the learned judge refused to instruct the jury, as requested by the defendants, " that as to one sixth of the goods levied on they must find a verdict for the defendants." Upon this branch of the case, the learned judge charged: " But if you find that Humphrey owned one sixth of the goods, and not of the proceeds, then for that one sixth your verdict should be for the defendants." This ruling was more favorable to the defendants than they had a right to expect. This is not the case of a claimant who established his title to certain of the articles levied upon, and failed as to other articles. In such case, the verdict would properly be in his favor for the articles shown to be his, and for the defendant as to the residue. Here the plaintiff proved title to all of the articles; he purchased them at the sheriff's sale; he had the possession and the right of possession, and the right to

Syllabus.

lease them to Shive Brothers.    It was true he was to account
to Humphrey for one sixth of the rent, but what was that to
the defendants ?    The plaintiff's title was good as against them
and all the world, except Humphrey, and he is not here com-
plaining.    Van Winkle v. Young, 37 Pa. 214 ; Rush v. Vought,
55 Pa. 437 ; and Shafer v. Senseman, 125 Pa. 310, are not in
point.

Judgment affirmed.