# Campbell, Appellant, *v.* Clevenstine.

*Sheriff's interpleader—Title of claimant—Property held in trust—Allegation of ownership.*

One who holds the title to goods levied upon, in trust to manage, release and dispose of the same as he sees proper, only accounting to his cestui que trust (a firm of which he is an employee) for the proceeds, is entitled, in a sheriff's interpleader, to claim the goods in his own name as owner: Shive v. Finn, 134 Pa. 158, applied.

In each of the cases relied upon as establishing a contrary doctrine, there was an interest in the goods which, as against the claimant or anybody represented by him, might have been sold by the sheriff without the commission of a trespass. They are therefore clearly distinguishable from a case like the present, where the legal title to the whole of the property is in the claimant.

Argued Feb. 9, 1892. Appeal, No. 119, July T., 1891, by plaintiff, James A. Campbell, from judgment of C. P. Chester Co., April T., 1889, No. 101, for defendant, Joanna Clevenstine, on trial by court without jury. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Feigned issue on sheriff's interpleader to determine the ownership of goods levied upon on an execution issued by the defendant.

The case was tried without a jury, under the act of April 22, 1874.

The following facts, inter alia, were found by the court in an opinion by HEMPHILL, J.: "For some time prior to February, 1889, Lizzie J. Bard kept a retail dry goods and notion store, in the borough of Coatesville, Chester county; and had dealt with Wood, Brown & Co., of the City of Philadelphia, wholesale jobbers in dry goods, notions and white goods, since the beginning of 1886. About the first of February, 1889, her intebtedness to Wood, Brown & Co. amounted to about $4,400, and they deemed it advisable to make some arrangement whereby this debt could be secured.

"After Mrs. Bard had made one or two visits to the firm in Philadelphia, in reference to her account, James A. Campbell, a clerk or employee of Wood, Brown & Co., who had charge of their department of accounts and credits, with full power to manage the same, saying who should and who should not receive credit; to make collections, settlements and compromises; in fact had complete charge of everything pertaining to the money or financial department of the firm, went, in February, 1889, in company with B. O. Titus, another employee of said firm, to Coatesville, when Mrs. Bard executed a bill of sale of her stock of goods to Mr. Campbell, and placed him in possession of the store and stock. The store building belonged to Robert E. Smith, with whom Mr. Campbell executed a lease in his own name; he also insured the stock of goods, opened a bank account, and had the receipts of the store deposited in his own name.

"The management of the store and business was left mainly to Mr. Titus, Mr. Campbell visiting it only once every two or three months, but all goods were purchased in his, Campbell's, name, or that of 'The Coatesville Store.'

"The money and goods, however, all belonged to the firm of Wood, Brown & Co., Mr. Campbell being a salaried employee of theirs, and having no interest whatever in them, excepting as their agent.

"On April 5, 1889, Joanna Clevenstine issued a fi. fa. upon a judgment for $900, which she held against Lizzie J. Bard, and levied upon the stock of dry goods and notions in the store at Coatesville, then in charge of B. O. Titus, as the property of the said Lizzie J. Bard.

" On April 9, 1889, James A. Campbell filed with the sheriff the following affidavit, claiming to be the owner of the goods levied on under the above writ of fieri facias :

" ' James A. Campbell, being duly sworn, says that he is the owner of the stock of goods in his store in the borough of Coatesville, Chester county, levied on by the sheriff of Chester county under the above execution ; that his title to a portion of said stock of goods was acquired from the above named defendant on January 29, 1889, by sale and delivery to him for a valuable consideration; and that the balance of said stock of goods was purchased by him from other parties and placed in said store for sale, and that the said Lizzie J. Bard is not the owner of any part of said stock of goods, or of any chattels, or articles of personal property in said store levied on as aforesaid.' "

As conclusions of law the court below held :

" The object of the interpleader act is the protection of the sheriff, and not to determine the title to the property in question. Where property is levied upon and claim of ownership to it is made by a third party, the sheriff may for his own protection petition the court to require the claimant and the plaintiff in the execution to interplead, and, if an issue be directed, it is, has the claimant the title to the property he has alleged in his claim filed with the sheriff, and the burden of proving such title is upon the claimant. He cannot sustain his claim by showing that the defendant in the execution had no title to the goods levied upon. That is not the issue he has tendered. As, in an action of ejectment, the issue is not, in whom is the title, but has the plaintiff, the claimant, the title he sets up ; and, if he fail to prove his claim as made, judgment must be for the defendant. Therefore if he claim an absolute, and prove but a qualified or limited ownership, he cannot recover, and judgment must be for the defendant in the feigned issue : Meyers v. Prentzell, 9 Casey, 482 ; Stewart & Co. v. Wilson et al., 6 Wr. 452 ; Bissell v. Steel, 17 P. F. S. 443 ; and Dale v. Pierce, 4 Nor. 475.

" The issue must correspond with the claim, and the plaintiff can only sustain the issue by proving his claim as made.

" The plaintiff's claim in this case is to the absolute ownership of the property levied upon, for he states in his affidavit ' that

he is the owner of the stock of goods in his store at Coatesville, levied upon by the sheriff.

" The evidence submitted to prove this absolute ownership proves on the contrary that he has no interest or ownership in the goods whatever, that he is a salaried employee of Wood, Brown & Co., and that he took possession of the goods for them, to secure a debt due them by the defendant in the execution.

" Having thus failed to maintain the issue he had tendered, judgment must be entered for the defendant, for, whether the ownership of the goods be in Lizzie J. Bard or in Wood, Brown & Co., is of no importance in this investigation, as the only issue tendered was as to the absolute ownership of James A. Campbell. "

Exceptions, filed by the plaintiff and dismissed by the court below, were, inter alia, that the court had erred, in holding, as conclusions of law, 7, that the plaintiff's claim in this case is to the absolute ownership of the property levied upon [1]; 9, that the only issue tendered was as to the absolute ownership of James A. Campbell [2] ; and, 14, in not directing judgment to be entered for the plaintiff. [6]

*Errors assigned* were, among others, (1, 2, 6) dismissal of exceptions as above, quoting them.

*William T. Barber, William W. Ker* with him, for appellant. —The entire title having passed out of the debtor, proof of a qualified ownership was sufficient : Armstrong v. City of Lancaster, 5 W. 68 ; Comm. v. Lightner, 9 W. & S. 118 ; Memphis v. Railroad Co., 48 Pa. 168 ; Meyers v. Prentzell et al., 33 Pa. 484 ; Dale v. Pierce, 85 Pa. 474 ; Stewart & Co. v. Wilson et al., 42 Pa. 450 ; Bissell v. Steel, 67 Pa. 443 ; Waverly Coal and Coke Co. v. McKennan, Trustee, 110 Pa. 599 ; Shive v. Finn, 134 Pa. 158 ; Richardson v. Montgomery, 49 Pa. 205.

If Campbell had been a member of Wood, Brown & Co. and the title had been vested in the firm, it is admitted that a claim by him as owner could not be sustained : Vandike v. Rosskam, 67 Pa. 330.

*J. Frank E. Hause, Robert S. Waddell* with him, for appellee. —The claimant having asserted absolute and unqualified ownership was bound to prove it; citing cases cited by appellant

and McDermott v. Kline, 6 Phila. 553, and McNair v. Wilcox, 121 Pa. 437.

OPINION BY Mr. JUSTICE HEYDRICK, April 25, 1892 :

The learned court below found substantially that the title to the goods levied upon was in the claimant in trust " to manage, release and dispose of the same as he saw proper, only accounting to the firm (Wood, Brown & Co.) for the proceeds." Having such title, it cannot be doubted that the claimant could have maintained trespass against the sheriff if that officer had sold the goods. And, in such action, it would not have been necessary or proper to set out in the pleadings the trust upon which the plaintiff held the property. As was said in Armstrong v. City of Lancaster, 5 Watts, 68, such " immaterial suggestion would be not only unnecessary, but prejudicial by reason of its tendency to complication, and the introduction of irrelevant proof." Why, then, it should be thought necessary to set out in the pleadings, in an issue designed to protect the sheriff, a trust that could not be inquired into in an action against him, is not apparent. In the present case it could not have answered any useful purpose, or availed the defendant in the issue, since it would have but disclosed a beneficiary, whose interest it was the duty of the claimant, as the holder of the legal title, to protect. For the purpose of such protection, and for all purposes that concerned either the sheriff or the execution creditor, the right of property was in the plaintiff. It was proper to find out, by cross-examination of the claimant, or otherwise, whether he was an intermeddler, but when it was developed that it was his right, in virtue of his legal title, and his duty, in virtue of the trust upon which he held that title, to protect the goods from seizure and sale, the execution creditor had no further concern about his relation to them. This is clearly inferable from Shive v. Finn, 134 Pa. 158. In each of the cases relied upon as establishing a contrary doctrine, there was an interest in the goods which, as against the claimant or anybody represented by him, might have been sold by the sheriff without the commission of a trespass. They are therefore clearly distinguishable from a case like the present, where the legal title to the whole of the property is in the claimant.

The judgment is reversed.

It was stated in the paper book of appellant in above case that the two following cases, Nos. 118 and 120, July T., 1891, involved the same questions; and that, by agreement of counsel, the court was requested to enter the same judgment in all.

### CAMPBELL v. WASSERMAN.

For the reasons given in Campbell v. Clevenstine, decided at this term, the judgment in this case is reversed.

### CAMPBELL v. ELLIS.

For the reasons given in Campbell v. Clevenstine, decided at this term, the judgment in this case is reversed.