# Campbell's Estate (No. 2).

*Judgment—Revival—Scire facias.*

The mere issue of a writ of scire facias to revive a judgment, without more, on the last day of the five years for which the judgment had been previously revived will continue the lien of the judgment for five years; and this is the case although an agreement to revive the judgment is subsequently filed, *containing no reference to the scire facias, or to the number* and term to which is was entered, but referring to the term and number of the previous revival.

The validity of the revival of a judgment is not impaired by the fact that the record shows that the scire facias was issued in the name of the original plaintiff " now to the use " of another person. The title of an equitable plaintiff need not be traced from the legal plaintiff by averment, or otherwise indicated than by marking the suit to his use.

It is not necessary for the plaintiff to sign an agreement for an amicable revival of a judgment; and it is immaterial if such an agreement is signed by the use plaintiff or that the name of the legal plaintiff does not appear in the agreement, if in other respects the agreement sufficiently identifies the judgment to be revived.

Argued Jan. 15, 1903. Appeal, No. 15, Jan. T., 1903, by J. B. Robinson, from decree of O. C. Columbia Co., Sept. T., 1901, No. 14, sustaining exceptions to auditor's report in estate of N. L. Campbell, deceased. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Affirmed.

Exceptions to report of William Chrisman, Esq., auditor. The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*J. B. Robinson* and *Fred Ikeler*, of *Ikeler & Ikeler*, for appellant.—A scire facias that does not correctly recite the original will not continue the lien, not even though amended by leave of court after the expiration of five years : Arrison v. Commonwealth, 1 Watts, 374 ; Worman's Appeal, 110 Pa. 25 ; Dietrich's Appeal, 107 Pa. 174 ; Landon v. Brown, 160 Pa. 538 ; McKinney v. Mehaffey, 7 W. & S. 276.

The amicable scire facias in the case at bar is separate and

independent of the issued scire facias, containing no reference to it, and should have been docketed to the number and term when filed: McCleary's Appeal, 1 W. & S. 299.

C. W. Miller, with him L. E. Waller, for appellees, cited: Silverthorn v. Townsend, 37 Pa. 263; Meason's Estate, 4 Watts, 341; Topley's App., 13 Pa. 424; Meimveiser v. Hains, 110 Pa. 468.

OPINION BY SMITH, J., March 12, 1903:

N. L. Campbell died on or about June 27, 1896. His real estate was sold, May 1, 1897, for payment of debts. Among the latter were two judgments, and the question here is whether the lien of these had been preserved, or had lapsed by failure to revive. Prior to the last proceedings for their revival, they stood in the name of Benjamin Miller as plaintiff.

The first judgment was originally entered in 1875, and its lien was regularly continued by revival until February 25, 1890, when an amicable judgment of revival was entered to No. 70, May term, 1890. The second judgment was originally entered in 1877, and its lien was regularly continued by revival until October 23, 1887, when an amicable judgment of revival was entered to No. 62, December term, 1887.

On February 25, 1895, a scire facias was issued on the first judgment. The action was entered to No. 54, May term, 1895, and duly noted on the judgment docket. So far as appears, this writ was neither served nor returned. On March 12, 1896, an agreement was filed in the cause, dated February 25, 1895, signed by C. W. Miller, as attorney for the plaintiff, and by the defendant. It was entitled, "Benjamin Miller, now to the use of Wm. Hoffman, v. N. L. Campbell: No. 70, May term, 1890," the parties being those named in the docket entry of the scire facias, while the number and term were those of the judgment on which the writ was issued; and it set forth an agreement to revive "the above stated judgment," with the same effect as if a scire facias had been issued and served, and judgment entered thereon in open court. It contained no reference to the scire facias, or to the number and term to which it was entered. Upon the filing of this agreement, judgment of revival was entered for the amount agreed on.

The contention of the appellant here is that this proceeding was insufficient to continue the lien of the judgment entered in 1890, and that the judgment of revival entered in 1896 ranks as a lien from that date only. It is based on the theory that the agreement of revival, having the number and term of the judgment entered in 1890, and being without reference to the scire facias, cannot be connected with the latter, and was in effect an abandonment of it.

The writ of scire facias, having been issued on the last day of the five years for which the judgment was revived in 1890, was in time to preserve the lien. Had the amicable revival been entered as a separate proceeding, independent of the scire facias, the question of abandonment would present a different aspect. But to say that an agreement filed and entered of record in a suit, confessing judgment for the cause of action set forth in the writ, is an abandonment of the suit, is a proposition supported by neither reason or authority. Whether, in the present case, the agreement filed in the action of scire facias authorized judgment of revival, is not material. Granted that it did not; that it was wholly without effect. The preservation of the lien then depends on the legal effect of the writ of scire facias. There is no difficulty in determining this. The mere issue of the writ, without more, continued the lien for five years; that is to say, for nearly three years after the sale of the land. Thus, with or without judgment on the agreement filed, the lien was preserved.

Another objection by the appellant to the validity of this revival, and of the last revival of the second judgment, is that the plaintiff of record, Benjamin Miller, was not a party to either, and that no interest was shown in Hoffman, to whose use they were revived.

The appellant cites McKinney v. Mehaffey, 7 W. & S. 276, in support of his contention as to the scire facias on the first judgment. In that case, the judgment was entered in the name of Henry Share & Company as plaintiffs. Share having died, a scire facias was issued to revive the judgment in favor of Mehaffey, his surviving partner. It was held that the record showed no right in Mehaffey to proceed as plaintiff in the judgment. The case is an authority for the proposition that defense may be made against a party whose right as plaintiff is not shown by

the record.    But had the defendant acquisced, and suffered or confessed judgment, it is no authority respecting the status of such judgment as against other lien creditors.

In the present case, the writ is not printed in either paper-book, nor are we informed of its tenor.    But the docket entries in the cause are printed, and show that the action is entitled, " Benjamin Miller, now to the use of Wm. Hoffman, v. N. L. Campbell : Scire facias sur judgment, No. 70, May term, 1890." Prima facie, this is in conformity with the writ ; it names Miller as the legal plaintiff, and the naming of a use plaintiff in no way affects the right of action.    The title of an equitable plaintiff need not be traced from the legal plaintiff by averment, or otherwise indicated than by marking the suit to his use. " The equitable owner of a right of action can recover on the legal title only.    But there may be adverse claimants of it, and how are the rights of a party, not named in the record, to be protected ?    Certainly not by preventing a recovery, and extinguishing the expectations of himself and everyone else." Upon obtaining judgment, " the pretensions of the claimants are to be determined by the court, or by a jury under an issue, as the case may require :"    Armstrong v. Lancaster, 5 Watts, 68. In the case before us, the legal parties to the action are properly named, and, as already shown, either the judgment of revival, by confession, was properly entered, or, if not, the issue of the scire facias of itself continued the lien.

On October 21, 1892, an amicable revival of the second judgment was entered to No. 42, December term, 1892.    The caption of the agreement was " Wm. Hoffman's use v. N. L. Campbell : Amicable scire facias sur judgment, No. 62, December term, 1887," and the agreement was signed by Wm. M. Hoffman and by the defendant.    Miller, the plaintiff of record in the judgment thus recited, was not named, and it nowhere appeared that his title had passed to Hoffman.    The appellant contends that, since no interest was shown in Hoffman, the revival to his use was without warrant and void.

It is not necessary for the plaintiff to sign the agreement for an amicable revival, and often it is signed by the defendant alone.    It is sufficient if the agreement sufficiently identifies the judgment to be revived.    The naming of a use plaintiff relates only to the ownership of the judgment.    In the present

cases, the defendant must be presumed to have satisfied himself, before signing the revivals, that the person named as use plaintiff was in fact the owner of the judgments. There is no allegation that either judgment has been paid. If either is claimed by other persons than the use plaintiff named, it is for the court below to determine the ownership, and already measures to this end appear to have been taken. The rights of the real owner should be preserved, and not extinguished for neglect to trace his title from the legal plaintiff.

The decree is affirmed.