## Commonwealth v. Foch Cereal Company et al.

*W. F. Knauer*, for plaintiff; *Joseph W. Henderson*, for defendants.

MARTIN, P. J., July 15, 1930.—The defendant, Foch Cereal Company, was granted a permit to manufacture beverages containing less than one-half of 1 per cent. alcohol, under the terms of the Act of Feb. 19, 1926, P. L. 16. A bond for $10,000 was filed by the Cereal Company as principal, with the Ætna Casualty & Surety Company, surety, conditioned, if the principal fully and faithfully observed all the provisions of Act No. 3 of the Laws of 1926, and all laws of this Commonwealth relating to the manufacture, sale, offering for sale, bartering, furnishing, transporting, possessing, delivering within or importing into, or exporting out of, this Commonwealth, of intoxicating liquors, and all the conditions and provisions of any permit issued to the principal by the Permit Board, and in no way violated any of the provisions of Act No. 3, or of the laws of this Commonwealth, or any of the conditions or provisions of the permit, the obligation would be void, but otherwise remain in full force, virtue and effect.

The obligors, jointly and severally, agreed with the Commonwealth of Pennsylvania that upon failure of the principal to observe and comply fully and faithfully with all the provisions of Act No. 3 and of the laws of the Commonwealth, and with all the conditions and provisions of the permit issued to the principal, the bond would become due and payable, that it became effective as of and from the date upon which the permit to the principal was granted, and thereafter continued in full force, virtue and effect, without limit in time, until duly canceled by a regulation or order of the board.

The permit granted to the Foch Cereal Company expired Dec. 31, 1926, but was renewed for the ensuing year.

On July 26, 1927, the license was revoked, after the company was found guilty of unlawful manufacture, possession and storing in containers and transporting in unlabeled barrels and half-barrels cereal for beverage purposes, or beer containing from 2.66 per cent. to 4.37 per cent. alcohol, in violation of the laws of the Commonwealth of Pennsylvania.

On March 6, 1928, judgment was entered on the bond and damages assessed at $10,450.

A petition was presented by the Ætna Casualty & Surety Company, and a rule granted to show cause why the judgment should not be opened.

It was claimed on behalf of the casualty company that the bond did not cover the renewed term of the permit for 1927; that the company was not required to obtain a state permit in addition to registering the Federal permit under which the company operated; and that no damages were proved to have been suffered by the Commonwealth.

The bond by its specific terms became effective on the date the permit was granted, and continued "in full force, virtue and effect without limit in time, and until the said bond is duly canceled by a regulation or order of the said board."

The cereal company was required to file a bond to obtain a state permit, although a Federal permit under which it operated was registered in Pennsylvania: Com. v. Premier Cereal & Beverage Co. et al., 11 D. & C. 627.

The Commonwealth was not required to prove that damages had been sustained by the breach of the condition of the bond. In United States v. Montell, 26 Fed. Cases, 15798, Taney's Decision, it was said: "This sum was in truth forfeited by Montell by reason of his violation of a duty imposed by the Act of Congress; it was a specific penalty upon the owner and master for the commission of a particular offense against the policy of the law. . . . How could the United States prove any particular amount of damages to have been sustained by them in a suit on this bond? What do they lose? It would be difficult, I think, by any course of proof or any process of reasoning to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by a jury, or be liquidated by agreement of the parties. The sum for which the parties are to become bound is manifestly a penalty or forfeiture inflicted by a sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offense, and it is not the less a penalty and a punishment for an offense because security is taken before the offense is committed in order to secure the payment of the fine if the law should be violated:" Lightner v. Com., 31 Pa. 341.

And now, July 15, 1930, the rule to show cause why the judgment should not be opened in the above entitled case is discharged.