Walton *v.* Sharpnack, Appellant.

Argued October 14, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Sanford G. Finder*, with him *David H. Weiner* and *Lloyd E. Pollock*, for appellant.

*W. C. Montgomery*, with him *Hugh G. Montgomery* and *Montgomery & Montgomery*, for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 5, 1954:

In 1933 two judgments were entered by J. M. Walton against the Sharpnack Motor Company et al. Both of these judgments lost their lien on real estate. After suggestions of death and substitution of an administrator d.b.n.c.t.a. on the estate of J. M. Walton, a scire facias to revive said judgments was filed on August 24, 1949, and duly served and indexed in the prothonotary's office.

Without anything more these judgments were a lien on real estate of the defendant from August 24, 1949. On February 3, 1951, judgments were taken on the writs of scire facias. Writs of fieri facias were issued and the real estate of the defendants sold, thus creating a fund for distribution.

The Secretary of Banking entered two judgments against Sharpnack Motor Company et al., which also lost their liens on real estate. These judgments passed by assignments to Wilda M. Sharpnack, the present appellant. They were revived by amicable scire facias as to each filed on August 31, 1949.

The writs of scire facias on the Walton judgments having been issued on August 24, and the plaintiff having thereafter filed an amicable scire facias on each of them, it is contended by the appellant that the liens of those judgments date not from August 24, 1949 (the date of the writs of scire facias), but from

the date of the filing of the amicable scire facias on September 9, 1949, thus leaving the priority with the appellant from August 31, 1949.

This contention is made on the basis that the filing of the amicable scire facias on each of the Walton judgments must be considered as waivers of the liens of those judgments obtained by adverse writs of scire facias. The court below refused to sustain this contention and awarded the fund to the Walton judgments. This appeal followed.

The orders will be affirmed.

The Act of 1947, P. L. 1234, 12 PS §880, provides as follows: "A writ of scire facias issued to revive a judgment at any time either before or after the expiration of five years after the indexing thereof, or before or after five years after the indexing of the last preceding judgment of revival thereof, shall, when indexed in the judgment index, be a lien upon all real property. . . which at the time of the indexing thereof is owned by the defendant. . ., whether or not such real property was owned by him at the time the judgment was indexed or previously revived. . ." This section of the statute is derived from the Act of 1931, §1, 12 PS §876.

The Walton judgments had been entered more than five years prior to the date of the revival, and the writs of scire facias to revive were issued on August 24, 1949. Therefore when the writs of scire facias were issued on the Walton judgments, the liens of those judgments were revived for a period of five years from the date of the issuance of the writ and indexing, to wit August 24, 1949. Since they were already revived for a period of five years from August 24, 1949, nothing was lost or gained by the plaintiff through the filing of an amicable scire facias subsequent to each of the adverse writs of scire facias.

There is no room for the doctrine of "abandonment" in these cases. In *Campbell's Estate*, 22 Pa. Superior Ct. 432, it was held: "The writ of scire facias, having been issued on the last day of the five years for which the judgment was revived in 1890, was in time to preserve the lien. Had the amicable revival been entered as a separate proceeding, independent of the scire facias, the question of abandonment would present a different aspect. But to say that an agreement filed and entered of record in a suit, confessing judgment for the cause of action set forth in the writ, is an abandonment of the suit, is a proposition supported by neither reason or authority. Whether, in the present case, the agreement filed in the action of scire facias authorized judgment of revival, is not material. Granted that it did not; that it was wholly without effect. The preservation of the lien then depends on the legal effect of the writ of scire facias. There is no difficulty in determining this. *The mere issue of the writ, without more, continued the lien for five years; that is to say, for nearly three years after the sale of the land. Thus, with or without judgment on the agreement filed, the lien was preserved.*" (Italics supplied). The plaintiff's judgments were taken on the original writs of scire facias and those taken on the amicable scire facias were superfluous.

Orders of distribution affirmed.